# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB LLC,<br><br>　　　　Plaintiffs,<br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LANDMARK AMERICAN INSURANCE COMPANY, ALLIED WORLD INSURANCE COMPANY, LLOYDS SYNDICATE SJC, AON PLC, LLOYDS SYNDICATE ATL, LLOYDS SYNDICATE BRT, LLOYDS SYNDICATE TAL, LLOYDS SYNDICATE CNP, LLOYDS SYNDICATE MKL, ENDURANCE UK, n/k/a SOMPO INTERNATIONAL, OIL CASUALTY INSURANCE LTD., LLOYDS SYNDICATE CHN, LIBERTY SURPLUS INSURANCE CORPORATION, ARCH INSURANCE COMPANY, RSUI INDEMNITY COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, NOVAE BERMUDA UNDERWRITING LTD., ASPEN BERMUDA LIMITED, LLOYDS SYNDICATE 4444 (SOMPO CANOPIOUS), IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS SYNDICATE MMX, LLOYDS SYNDICATE TMK LLOYDS SYNDICATE RNR, LLOYDS SYNDICATE ASC, LLOYDS SYNDICATE HCC, LLOYDS SYNDICATE AFB, TOKIO MARINE AMERICA INSURANCE, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, and RESORT HOTEL INSURANCE SERVICES INC. d/b/a  RESORT HOTEL INSURANCE COMPANY,<br><br>　　　　Defendants. | CIVIL ACTION NO.  5:17-cv-03784<br>(formerly Civil Action No. 17-C-124) |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 9 U.S.C. § 205, come now defendants, Aspen Bermuda Limited ("Aspen Bermuda") and Novae Bermuda Underwriting Ltd ("Novae Bermuda"), and, without waiving any objections to personal jurisdiction, service of process, or the sufficiency of service of process, hereby file this Notice of Removal of the above-captioned matter from the Circuit Court of West Virginia, Greenbrier County, to the United States District Court for the Southern District of West Virginia. In support of the removal, defendants respectfully state:

1. On or about June 23, 2017, plaintiffs filed this action against the defendants ACE American Insurance Company ("ACE"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Landmark American Insurance Company ("Landmark"), Allied World Insurance Company ("Allied World"), Arch Insurance Company ("Arch"), Tokio Marine America Specialty Insurance Company ("Tokio Marine"), Endurance American Specialty Insurance Company ("Endurance"), Endurance UK n/k/a Sompo International ("Sompo"), Liberty Surplus Insurance Corporation ("Liberty Surplus"), RSUI Indemnity Company ("RSUI"), Aon PLC ("Aon"), Aspen Specialty Insurance Company ("Aspen"), Aspen Bermuda Limited ("Aspen Bermuda"), Ironshore Specialty Insurance Company ("Ironshore"), Lloyds Syndicates MMX, TMK, RNR, ASC, HCC, AFB, SJC, ATL, BRT, TAL, CNP, MKL, CHN, and 4444 (the "Lloyds Syndicates"), Oil Casualty Insurance Ltd. ("Oil Casualty"), and Novae Bermuda Underwriting Ltd. ("Novae Bermuda").

2. The plaintiffs filed their First Amended Complaint on or about June 29, 2017. The First Amended Complaint includes the same defendants but added the following additional

2

defendant: Resort Hotel Insurance Services Inc. d/b/a Resort Hotel Insurance Company ("RHIC"). A copy of plaintiffs' First Amended Complaint is attached as Exhibit A.

3. Service of the summons and complaint was attempted on Aspen Bermuda on July 14, 2017. Service of the summons and complaint was attempted on Novae Bermuda on July 12, 2017. Trial of this action has not yet occurred. Therefore, this Notice of Removal is timely filed.

4. Plaintiffs allege in the First Amended Complaint that they sustained damage to real and personal property from a storm and flood described as a "1000-year event." (Ex. A, ¶ 7.) The plaintiffs seek a declaration that the defendants are each required to produce a certified copy of their individual policies so that "informal valuation can meaningfully proceed." (Ex. A, ¶ 11.) The plaintiffs also seek a declaration that, absent proof of pre-loss delivery or each policy, any limiting provision in such policy shall be deemed null and void. . . ." (Ex. A, p. 3.)

5. As to Aspen Bermuda and Novae Bermuda, this Court has original jurisdiction pursuant to 9 U.S.C. § 203.

6. The insurance policy issued by Aspen Bermuda (the "Aspen Bermuda policy") contains an international arbitration clause providing that disputes relating to the policy be submitted to arbitration in London, England, Hamilton Bermuda, Toronto, Canada, or Vancouver, Canada. The clause provides, in pertinent part:

> Any dispute, controversy or claim arising out of or relating to this Policy or the breach, termination or invalidity of this Policy shall be finally and fully determined in an arbitration proceeding under the provisions of the English Arbitration Act of 1996 ("Act") and/or any statutory modifications or amendments thereto, for the time being in force, by a Board composed of three arbitrators to be selected for each controversy. . . . The arbitration shall be located, at the election of the Insured parties, in London, England; Hamilton, Bermuda; Toronto, Ontario, Canada; or Vancouver, British Columbia, Canada. . . .

See Ex. B, Aspen Bermuda policy at bates-stamped page ABL 68

7. An insurance policy was issued by Lloyd's Syndicate 2007 (the "Syndicate 2007 policy"). That policy contains an international arbitration clause providing that disputes relating to the policy be submitted to arbitration in London, England. The clause provides, in pertinent part:

> Any dispute, controversy, or claim arising out of or relating to this Policy or the breach, termination or invalidity thereof shall be finally and fully determined in London, England under the provisions of the Arbitration Act 1996 ("Act") and/or any statutory modifications or amendments thereto, for the time being in force, by a Board composed of three arbitrators to be selected for each controversy. . . .
>
> See Ex. C, Syndicate 2007 policy at bates-stamped page NBUL 62.

8. The Syndicate 2007 policy states that Novae Bermuda was acting on behalf of Syndicate 2007 with respect to the Syndicate 2007 policy.

9. This matter arises out of a property damage insurance claim regarding flooding that occurred on or about June 23, 2016 in Greenbrier County, West Virginia. The Greenbrier Hotel Corporation and other entities have asserted a claim in excess of $98,000,000 as a result of the flooding. The claim includes amounts for both property damage and business interruption.

10. The insurers, including Aspen Bermuda and Syndicate 2007 have disputed the amount claimed, both as to property damage and business interruption, including the scope of property damage, the scope of business interruption, and the appropriate period of business interruption. These issues, and the issues raised by the plaintiffs in their complaint, clearly relate to the arbitration clauses.

11. The coverage program at issue includes more than a dozen different insurers. Issues regarding the correct amount due to the insureds resulting from the flooding apply to each of insurers that issued a policy.

4837-0056-6092, v. 1

12. Removal is proper because the United States District Court for the Southern District of West Virginia has original federal question jurisdiction over this action pursuant to 9 U.S.C. § 203. Jurisdiction is founded upon a federal question because there are arbitration agreements in the Aspen Bermuda and Novae Bermuda policies that arise under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention," hereinafter referred to as the "Convention" and adopted by Congress at 9 U.S.C. §§ 201 et seq.)

13. The Aspen Bermuda and Syndicate 2007 policies both contain written agreements to arbitrate disputes arising out of, or relating to the policies or the breach, termination or invalidity of the polices. The written agreements are valid, have not been revoked, and are enforceable upon such grounds as exist at law or in equity.

14. The arbitration agreement in the Aspen Bermuda policy provides that the arbitration shall take place either in England, Bermuda or Canada. England, Bermuda and Canada are signatories to the Convention.

15. The arbitration agreement in the Syndicate 2007 policy provides that the arbitration shall take place in England, which is a signatory to the Convention.

16. Both arbitration agreements arise out of commercial legal relationships.

17. The arbitration agreements are not entirely "between citizens of the United States." Aspen Bermuda is a Bermuda corporation with its principal place of business in Hamilton, Bermuda. Syndicate 2007 is a Lloyd's Syndicate. The only member of that syndicate is Novae Corporate Underwriting Limited, a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England. Novae Bermuda Underwriting Limited is a Bermuda corporation with its principal place of business in Hamilton,

Bermuda. According to the amended complaint, plaintiffs Greenbrier Hotel Corporation, The Greenbrier Sporting Club, Inc., and Old White Charities, Inc. are West Virginia corporations. Plaintiff Greenbrier Sporting Club Development Company, Inc. is a Delaware Corporation. Plaintiff Oakhurst Club LLC is a West Virginia Limited Liability Company whose members are citizens of West Virginia.

18. The subject matter of the action initially pending in the West Virginia state court relates to the above-referenced arbitration agreements that fall under the Convention, and the state court action, now removed to this Court, affects the arbitration rights in the Aspen Bermuda and Syndicate 2007 policies.

19. To the extent plaintiffs seek to recover from, or obtain a judgment of any type against, Novae Bermuda arising out of or relating to the Syndicate 2007 Policy or the breach, termination or invalidity of the Syndicate 20007 policy, then Novae Bermuda is entitled to enforce the arbitration clause in the Syndicate 2007 policy.

20. The Court has supplemental jurisdiction over any claims not subject to its original jurisdiction.

21. Venue is proper in this Court pursuant to 9 U.S.C. § 204.

22. All defendants consent to this removal. The dates shown in the affidavits of service for each of the defendants other than Aspen Bermuda and Novae Bermuda are listed on Ex. D.

23. Written notice of the filing of this notice shall be given to plaintiffs and a true copy of this notice will be filed with the Clerk of the Circuit Court of Greenbrier County, West Virginia, as provided by law. A copy of the docket sheet from the Circuit Court of Greenbrier County, West Virginia and all filings reflected thereon is attached as Ex. E.

                                                **ASPEN BERMUDA LIMITED**
                                                and
                                                **NOVAE BERMUDA UNDERWRITING LTD.,**

                                                **By Counsel**

*/s/ Sarah A. Walling*
Lee Murray Hall, Esquire (WVSB #6447)
Sarah A. Walling, Esquire (WVSB #11407)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV  25626-2688
Phone: (304) 523-2100
Fax:     (304) 523-2347

Of counsel:

MOUND COTTON WOLLAN
 & GREENGRASS LLP
One New York Plaza, 44th Floor
New York, New York 10004
Phone: (212) 804-4200

7

4837-0056-6092, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB LLC,<br><br>       Plaintiffs,<br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LANDMARK AMERICAN INSURANCE COMPANY, ALLIED WORLD INSURANCE COMPANY, LLOYDS SYNDICATE SJC, AON PLC, LLOYDS SYNDICATE ATL, LLOYDS SYNDICATE BRT, LLOYDS SYNDICATE TAL, LLOYDS SYNDICATE CNP, LLOYDS SYNDICATE MKL, ENDURANCE UK, n/k/a SOMPO INTERNATIONAL, OIL CASUALTY INSURANCE LTD., LLOYDS SYNDICATE CHN, LIBERTY SURPLUS INSURANCE CORPORATION, ARCH INSURANCE COMPANY, RSUI INDEMNITY COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, NOVAE BERMUDA UNDERWRITING LTD., ASPEN BERMUDA LIMITED, LLOYDS SYNDICATE 4444 (SOMPO CANOPIOUS), IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS SYNDICATE MMX, LLOYDS SYNDICATE TMK LLOYDS SYNDICATE RNR, LLOYDS SYNDICATE ASC, LLOYDS SYNDICATE HCC, LLOYDS SYNDICATE AFB, TOKIO MARINE AMERICA INSURANCE, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, and RESORT HOTEL INSURANCE SERVICES INC. d/b/a RESORT HOTEL INSURANCE COMPANY,<br><br>       Defendants. | CIVIL ACTION NO.<br>(formerly Civil Action No. 17-C-124) |

## CERTIFICATE OF SERVICE

I, Sarah A. Walling, Counsel for Aspen Bermuda Limited and Novae Bermuda Underwriting Ltd., hereby certify that I electronically filed the *Notice of Removal* by using the CM/ECF system. A copy of the foregoing was sent to the following counsel via U.S. Mail, postage prepaid, in an envelope addressed to the following counsel of record on this 9th day of August, 2017:

Brian A. Glasser, Esq.<br>
Jonathan R. Marshall, Esq.<br>
William J. Ihlenfeld, II, Esq.<br>
Bailey & Glasser LLP<br>
209 Capitol Street<br>
Charleston, WV 25301<br>
*Counsel for Plaintiffs*

    */s/ Sarah A. Walling*
Lee Murray Hall, Esquire (WVSB #6447)
Sarah A. Walling, Esquire (WVSB #11407)

**JENKINS FENSTERMAKER, PLLC**
325 8th Street (25701)
Post Office Box 2688 (25726)
Huntington, West Virginia 25726-2688