# EXHIBIT A

IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

GREENBRIER HOTEL CORPORATION,
THE GREENBRIER SPORTING CLUB, INC.,
GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC.,
OLD WHITE CHARITIES, INC., and OAKHURST CLUB LLC,

            PLAINTIFFS,

v.

            CIVIL ACTION NO.: 17-C-124
            HONORABLE:_____(B)_____

ACE AMERICAN INSURANCE COMPANY,
LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LANDMARK AMERICAN INSURANCE COMPANY,
ALLIED WORLD INSURANCE COMPANY,
LLOYDS SYNDICATE SJC, AON PLC,
LLOYDS SYNDICATE ATL, LLOYDS SYNDICATE BRT,
LLOYDS SYNDICATE TAL, LLOYDS SYNDICATE CNP,
LLOYDS SYNDICATE MKL, ENDURANCE UK,
n/k/s SOMPRO INTERNATIONAL,
OIL CASUALTY INSURANCE LTD, LLOYDS SYNDICATE CHN,
LIBERTY SURPLUS INSURANCE CORPORATION,
ARCH INSURANCE COMPANY, RSUI INDEMNITY COMPANY,
ASPEN SPECIALTY INSURANCE COMPANY, NOVAE BERMUDA
UNDERWRITING LTD, ASPEN BERMUDA LIMITED,
LLOYDS SYNDICATE 4444 (SOMPO CANOPIOUS),
IRONSHORE SPECIALTY INSURANCE COMPANY,
LLOYDS SYNDICATE MMX, LLOYDS SYNDICATE TMK,
LLOYDS SYNDICATE RNR, LLOYDS SYNDICATE ASC,
LLOYDS SYNDICATE HCC, LLOYDS SYNDICATE AFB,
TOKIO MARINE AMERICA INSURANCE COMPANY,
ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, and
RESORT HOTEL INSURANCE SERVICES INC. d/b/a RESORT HOTEL INSURANCE
COMPANY,

            DEFENDANTS.

<u>First Amended Complaint for Declaratory Judgment</u>

Now come Plaintiffs, for their First Amended Complaint for Declaratory Judgment, and state as follows:

### Jurisdiction and Venue

1.     Each Plaintiff, other than Oakhurst Club LLC and Greenbrier Sporting Club Development Company, Inc., is a West Virginia Corporation.

2.     Oakhurst Club LLC is a West Virginia Limited Liability Company whose members are James C. Justice II, citizen of West Virginia, James C. Justice III, citizen of Virginia, and Jillean L. Justice, citizen of West Virginia.

3.     Greenbrier Sporting Club Development Company, Inc. is a Delaware corporation.

4.     Each Defendant is an insurer of Plaintiffs under the same or related policies.

5.     On information and belief, none of the Defendants are West Virginia corporations, but are licensed and authorized to do business in the State of West Virginia and, in fact, purport to have issued and sold policies of insurance naming Plaintiffs, and covering property owned by Plaintiffs, located in White Sulphur Springs, Greenbrier County, West Virginia. Defendant Resort Hotel Insurance Services, Inc. is a Virginia corporation.

6.     Plaintiffs bring this action pursuant to W.Va. Code 55-13-1, et seq., and Rule 57 W. Va. R. Civ. P., seeking certain declarations with respect to the rights and obligations of the parties, but not any amount of any loss.[1]

### Factual Background

7.     On June 23, 2016, Plaintiffs sustained damage to real and personal property from

_____

[1]Nothing herein should be taken as a waiver of the right to subsequently litigate any and

1

storm and flooding described as a "1000-year event".

8       Each Plaintiff is an entity affiliated with a destination resort, thereby also incurring additional losses by way of Business Interruption, Extra Expense, Expense to Reduce Loss, Soft Costs, and Rental Value/Rental Income, as those terms are believed to be, and ought to be, defined and covered under the aforesaid policies of insurance.

9.      Plaintiffs timely notified Defendants of claims for losses and coverage.

10.     During the past year, while Plaintiffs have been trying to resolve the amounts owed by the Defendants, it has become apparent that there are inconsistencies between the Defendants' positions about covered losses and that these inconsistencies may arise from the existence of more than one policy. Despite numerous requests to the Defendants' authorized agent and adjustor, Plaintiffs have not been provided certified copies of any portion, nor the entirety, of the policy(ies) at issue, nearly a year having passed since the storm and flooding. Indeed, Plaintiffs do not even know if more than one policy exists.

11.     The parties dispute putative terms and conditions of coverage which dispute is impeding valuation. Accordingly, Plaintiffs seek the entry of an Order compelling production of all insurance policies and other relief requested herein so that informal valuation can meaningfully proceed.

### Stipulation

12.     With respect to all Plaintiffs' claims in this First Amended Complaint, as pled, Plaintiffs and their counsel do not seek to recover an award of attorney's fees, costs, and interest on fees and costs that, in the aggregate, would exceed $74,500 and hereby stipulate to that

all issues not otherwise resolved.

ceiling.

13.     With respect to all Plaintiffs' claims in this First Amended Complaint, as pled, to the extent any award is made of attorney's fees, costs, and interest on fees and costs that, in the aggregate, exceeds $74,500, Plaintiffs and their counsel stipulate that they are not entitled to recover the excess amount.

14.     This stipulation applies regardless of the form of the remedy awarded.

15.     Plaintiffs agree to be bound by this stipulation throughout the pendency of this First Amended Complaint, as pled.

### Declarations Requested

WHEREFORE, Plaintiffs ask the Court to declare that:

A)     Plaintiffs, as Named Insureds are entitled to a certified copy of their policies and the same must be provided forthwith;

B)     Absent proof of pre  loss delivery of each policy, any limiting provision in such policy shall be deemed null and void as not having been made conspicuous, plain and clear;

C)     Property insurance is first party coverage and, as such, Plaintiffs are entitled to recover reasonable attorney fees incurred in seeking this relief, not to exceed the stipulated sum of $74,500.00.

Plaintiffs,
By Counsel:

Brian A. Glasser, Esq. (WV Bar No. 6597)
Jonathan R. Marshall, Esq. (WV Bar No. 10580)
William J. Ihlenfeld, II, Esq. (WV Bar No.7465)
Bailey & Glasser LLP

3

209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
Fax: (304) 342-1110
bglasser@baileyglasser.com
jmarshall@baileyglasser.com
wihlenfeld@baileyglasser.com

4